UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-00998-FMO-CTS Date: August 7, 2026

Title: Eugene C. Harris v. County of Riverside Superior Court

Present: The Honorable CHRISTINA T. SHAY, United States Magistrate Judge

| Marina Moreno-Carrillo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** **Order Discharging June 30, 2026 OSC (ECF No. 10) and Ordering Petitioner to Show Cause re Apparent Failure to Exhaust**

On March 3, 2026, Petitioner Eugene C. Harris, acting *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.) On June 30, 2026, the Court reviewed the docket and noted that it appeared Petitioner had neither paid the required filing fee of $5.00 for this action nor submitted a Request to Proceed without Prepayment of Filing Fees with Declaration in Support ("CV-60P Form"). (ECF No. 10.) Accordingly, the Court issued an Order to Show Cause ("OSC") directing Petitioner to either pay the fee or submit a completed CV-60P Form by July 31, 2026. (*Id.*)

After Petitioner contacted the Clerk's Office to ask why the payment he had submitted with his Petition had not been credited, court staff researched the issue and located the original receipt for Petitioner's $5.00 filing fee, which had not been correctly docketed. The docket has now been updated to reflect that Petitioner submitted the correct filing fee with his Petition. Accordingly, the Court hereby DISCHARGES its June 30, 2026 OSC.

However, having now screened the Petition under Rule 4 of the Rules Governing Section 2254 Cases, it appears that the Petition suffers from a procedural defect that must be addressed by Petitioner before this case may proceed. That is, it appears that the Petition may be wholly unexhausted.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal

claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). The Court may raise exhaustion issues *sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds. *See Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 855–56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, Petitioner challenges his conviction and sentence in the Riverside Superior Court case, *People of the State of California v. Eugene Charles Harris*, SWF2100317. (*See* Pet. 2.) It appears that he was convicted in that case by a jury on January 20, 2026. (*Id.*[1]) At the time he filed the Petition, he had not yet been sentenced. There is no evidence that Petitioner has yet fairly presented his claims to the California Supreme Court, which he must do before he may maintain a suit in this federal district court. *See Gatlin*, 189 F.3d at 888. Nor would this Court expect such evidence to exist yet, given the recentness of Petitioner's conviction.

If, as it appears, the Petition is wholly unexhausted, it may be subject to summary dismissal without prejudice. *See* 28 U.S.C. § 2254(b)(1)(A). Before the Court makes a recommendation to the District Judge regarding this issue, however, the Court will afford Petitioner an opportunity to respond. Petitioner is therefore **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust his claims in state court. Petitioner must respond to this Order to Show Cause in writing by no later than **September 6, 2026**. Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

(1) Notice of Dismissal. Petitioner may file a notice of dismissal of his Petition. The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

[1] *See also* Riverside County Superior Court Public Access, https://epublic-access.riverside.courts.ca.gov/public-portal/ (search by case number) (last visited August 6, 2026).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-00998-FMO-CTS Date: August 7, 2026

Title: Eugene C. Harris v. County of Riverside Superior Court

(2) Request for *Rhines* Stay. Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition. He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim. Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay. *See Rhines*, 544 U.S. at 277–78.

(3) Response to Order to Show Cause. If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court. (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

**Petitioner is cautioned that failure to respond to this Order by September 6, 2026 may result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

It is so ordered.

ATTACHMENT: Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))